UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

ROBERT S. GOURLAY,

Debtor.

Case No. 12-15223

HONORABLE STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER AFFIRMING THE
DECISION OF THE BANKRUPTCY COURT**

The matter before the Court is an appeal from a bankruptcy court decision. The appeal concerns the attorney-fee agreement that the debtor, Robert Gourlay, signed with Frego & Associates ("Frego") before he filed for bankruptcy. The bankruptcy court determined that the pre-petition fee agreement was a dischargeable debt under 11 U.S.C. § 727, and canceled the agreement pursuant to 11 U.S.C. § 329 to the extent it required Gourlay to pay make payments post-petition. On appeal, Frego concedes that a pre-petition attorney-fee agreement is potentially dischargeable debt, but asks the Court for an order holding that such debt *could be* determined non-dischargeable pursuant to an adversary proceeding filed under 11 U.S.C. § 523(a)(2). As set forth below, the Court agrees with Gourlay that the order Frego seeks would be an advisory opinion, which the Court will decline to issue.

**BACKGROUND**

On February 23, 2012, Gourlay met with an attorney at Frego regarding his potential bankruptcy. Gourlay retained the firm, and signed a fee agreement, under which he agreed to pay Frego a flat fee of $1000 for its services related to the bankruptcy. Gourlay paid Frego $100 at the time he retained the firm, and in the fee agreement agreed to pay the

remaining $900 in post-petition installments, making payments of $50 per month starting April 12, 2012. Gourlay made one $50 payment toward the debt on May 4, 2012.

Gourlay filed for Chapter 7 bankruptcy on March 13, 2012. Frego had until June 25, 2012, to file an adversary proceeding, objecting to discharge of Gourlay's attorney-fee debt. *See* Fed. R. Bankr. P. 4007(c) (governing the time limits for objections to discharge filed under 11 U.S.C. § 523(c)); *see also* Docket Entry 8, ECF No. 2 at 2 (stating the deadline). Frego did not file any such action, and on June 26, 2012, Gourlay received his Chapter 7 discharge. *See* Docket Entry 18, ECF No. 2 at 3.

On May 24, 2012, while the discharge order was still pending, the United States Trustee (the "Trustee") appointed to oversee Gourlay's bankruptcy filed a motion under 11 U.S.C. § 329, seeking disgorgement of the $100 Gourlay had already paid to Frego, and seeking to cancel the agreement to pay the remaining $900 debt. *See* Trustee's Mot. & Br. in Support, ECF No. 2 at 47-60. In support, the Trustee argued that, pursuant to the Sixth Circuit's holding in *In Re Rittenhouse*, 404 F.3d. 395 (6th Cir. 2005), Gourlay's pre-petition attorney-fee agreement with Frego was dischargeable under 11 U.S.C. § 727(b). The Trustee argued that the bankruptcy court should order Frego to disgorge any fees collected and/or cancel the fee agreement pursuant to 11 U.S.C. § 329[1] because Frego did not advise Gourlay that the debt was dischargeable and thereby caused Gourlay to unknowingly pay dischargeable debt that he was not required to pay. Finally, the Trustee also argued that Frego is precluded from seeking to collect the attorney fees because the debt is subject to the automatic-stay provision of 11 U.S.C.§ 362 and, once Gourlay's discharge is granted, to the discharge injunction of 11 U.S.C. § 524(a)(2), which enjoins

---

[1]Section 329 permits the bankruptcy court to cancel an attorney-fee agreement or order the return of any funds paid if the court determines that the compensation agreed to "exceeds the reasonable value of" the services provided. *See* 11 U.S.C. § 329(b).

2

creditors from continuing to seek payment on pre-petition debts after a discharge is granted.

On June 22, 2012, Frego filed a response to the motion, and on July 6, 2012, the firm filed a brief in support of its response. *See* Frego's Resp., ECF No. 2 at 62-67; Br. in Support, ECF No. 2 at 71-99. As pertinent here, in its brief in support, Frego conceded that pre-petition fee arrangements are dischargeable, but argued that they may be determined non-dischargeable in an adversary proceeding filed pursuant to 11 U.S.C. § 523(a)(2). *See* Br. in Support, ECF No. 2 at 78 ("An attorney <u>must</u> go through the Bankruptcy Courts and pursue an Adversary Proceeding to determine the non-dischargeability of the debt under 11 U.S.C. § 523(a)(2) in order to enforce pre-petition fee arrangements if a debtor does not pay voluntarily.") (emphasis in original). Frego appears to present the argument in response to the Trustee's contention that the fees were unreasonable because Frego failed to inform Gourlay that the attorney-fee debt was dischargeable. *See id.* at 78, 95-97.

The bankruptcy court issued its decision on October 9, 2012. The court, applying *Rittenhouse*, agreed with the Trustee that the pre-petition attorney-fee agreement was a dischargeable debt under 11 U.S.C. § 727. Order, ECF No. 2 at 360. It followed, the Court held, that any action to collect the debt was stayed during pendency of the case under § 362(a) and, post-discharge, was prohibited by the discharge injunction of § 524. *Id.* at 362. The bankruptcy court found the fee agreement subject to cancellation under § 329 because it is unenforceable. It did not rely on the Trustee's argument that Frego failed to inform Gourlay that the debt was dischargeable. The court reasoned as follows:

> To the extent that the Debtor made a pre-petition agreement to pay $900.00 of Frego's flat fee post-petition, that agreement is dischargeable under § 727. Any attempt by Frego to enforce that agreement would violate the automatic stay of § 362(a) and, upon the Debtor receiving a discharge, would violate the discharge injunction of § 524(a). The Court concludes that the agreement to

3

make post-petition payments in this case must be cancelled under § 329(b) because it is simply unenforceable.

*Id.* at 364. The court found that § 329 did not require Frego to disgorge the $100 that Gourlay had paid Frego, pre-petition. Frego now appeals the order.

## DISCUSSION

The Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a). The Court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *AMC Mortg. Co. v. Tenn. Dep't of Revenue (In re AMC Mortg. Co.)*, 213 F.3d 917, 920 (6th Cir. 2000).

On appeal, the sole[2] issue Frego presents for the Court's review is whether "a bankruptcy Fee Agreement, signed pre-petition, [is] immune from the filing of an Adversary Proceeding to determine dischargeablility under 11 U.S.C. § 523." Frego's Br. 4, ECF No. 5. Frego argues that the bankruptcy court failed to address Frego's argument below that the debt may be determined non-dischargeable in an adversary proceeding. Frego asks this Court for "an Order clarifying that certain debts signed solely pre-petition, such as the attorney fee agreement in the present case, may still be determined to be non-dischargeable debts pursuant to the provisions of 11 U.S.C. § 523(a)(2)." *Id.* at 6. The brief contains approximately one page of argument.

The Court will decline to address the question because any opinion on the matter would be purely advisory. *General Electric Co. v. Local 761, International Union of*

---

[2]The Trustee notes that Frego included an additional issue in its Statement of Issues on Appeal, filed on the bankruptcy court docket. *See* Docket Entry 28, ECF No. 2 at 5. Because Frego's appellate brief raises only the one issue discussed here, the Court finds the other waived. *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293-94 (1st Cir.1995)).

4

*Electrical, Radio & Machine Workers*, 395 F.2d 891, 895 (6th Cir.1968) ("The duty of [an Article III court] 'is to decide actual controversies by a judgment which can be carried into effect, and not to . . . declare principles or rules of law which cannot affect the matter in issue in the case before it.' ") (citation omitted). Frego did not file an adversary proceeding to determine the debt's nondischargeability and does not contend that it was ever told that such a proceeding was unavailable. And, Frego has not pointed to any other manner in which the Court's opinion on the matter would affect the bankruptcy court's decision regarding the attorney-fee agreement in this case. It would not affect the bankruptcy court's determination that Gourlay's unpaid attorney-fee debt was dischargeable under *Rittenhouse*. Nor would it affect the bankruptcy court's determination that the fee agreement was unenforceable, and therefore subject to cancellation under § 329. Accordingly, it appears that Frego seeks an opinion regarding the hypothetical effect of a course of action that Frego elected not to pursue in this case. This Court has no power to issue that opinion. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them."). The Court will affirm the decision of the bankruptcy court.

### ORDER

**WHEREFORE** it is hereby **ORDERED** that the decision of the bankruptcy court is **AFFIRMED.**

**SO ORDERED.**

                                        s/Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: August 14, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 14, 2013, by electronic and/or ordinary mail.

                                                Carol Cohron
                                                Case Manager